## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HERMAN SCOTT CONRAD, individually** | § | |
| **and on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **GENERAL MOTORS ACCEPTANCE** | § | **COMPLAINT – CLASS ACTION** |
| **CORPORATION and ALLY** | § | |
| **FINANCIAL, INC.** | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORIGINAL CLASS ACTION COMPLAINT</u>

### *Jury Trial Requested*

Plaintiff Herman Scott Conrad (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes this class action in accordance with and to remedy violations by Defendant General Motors Acceptance Corporation and Ally Financial, Inc. (hereinafter collectively referred to as "Defendant GMAC") of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter "TCPA"). Plaintiff brings this action both individually and on behalf of all other persons similarly situated (hereinafter "Class Members") for damages resulting from the illegal actions of Defendant GMAC in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the TCPA.

### I. PARTIES

1.      Named Plaintiff, Herman Scott Conrad, is a natural person who resides in Rockwall County, Texas.

2.     Defendant General Motors Acceptance Corporation is a foreign for-profit corporation registered with the Texas Secretary of State.  Its principal place of business is at P.O. Box 9025 MC 482-C14-C66, Detroit, MI 48202-9025.  Defendant General Motors Acceptance Corporation may be served by serving its registered agent for process, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

3.     Defendant Ally Financial Inc. is a foreign for-profit corporation registered with the Texas Secretary of State.  Its principal place of business is at 200 Renaissance Center, Detroit, MI 48265.  Defendant Ally Financial Inc. may be served by serving its registered agent for process, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

## II.  JURISDICTION AND VENUE

4.     The matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to between $500 and $1,500.00 in statutory damages for each call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a state different than the state in which Defendants are deemed to reside.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), and 1441(a), because:  (i) both Defendants are actively doing business in this State and are subject to personal jurisdiction throughout the State; (ii) both Defendants transact business in the State and in the District by and through the financing of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events, and/or omissions giving rise to the claims occurred in this District.  Venue is also proper in this District because Plaintiff has resided in this

District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

### III.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

6.      In 1991,[1] Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

9.      The Federal Communications Commission has defined a "predictive dialer" as:

> equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store

---

[1]  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2]  47 U.S.C. § 227(b)(1)(A)(iii).

[3]  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dealer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.[4]

Moreover, the FCC has determined that a "predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."[5]

10.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[6]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[7]

## IV.  FACTUAL ALLEGATIONS

11.     At all times relevant, Plaintiff was an individual residing in the State of Texas.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(32).

12.     At all times relevant, Defendant General Motors Acceptance Corporation and Defendant Ally Financial Inc. were corporations and "persons" as defined by 47 U.S.C. § 153(32).

13.     Plaintiff entered into a contract with Defendant GMAC for the financing of a 2006 GMC Sierra on July 1, 2006.  At the time of that contract, Plaintiff did not have the cellular telephone

---

[4]  2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

[5]  *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, *citing to* 2003 TCPA Order, 18 FCC Rcd at 14093, para. 133.

[6]  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (*"FCC Declaratory Ruling"*)*,* 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[7]  *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

number that he uses today, so that number was not listed on the contract or ever provided to Defendant GMAC.  A true and correct copy of that contract is attached hereto as Exhibit "A."

14.     Plaintiff did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt owed to Defendant GMAC, nor did he verbally provide Defendant GMAC with a cellular phone number at any time during the transaction that resulted in the debt owed to Defendant GMAC.

15.     Defendant GMAC began using an automated dialing system to repeatedly call the Plaintiff's cellular telephone number beginning in May of 2009.

16.     On June 2, 2010, Plaintiff submitted a written request to Defendant GMAC via facsimile requesting that Defendant GMAC stop making and/or attempting to make telephone contact with the Plaintiff using an automated dialing system from that date forward.  Specifically, Plaintiff stated in the letter: "I, Herman Scott Conrad, hereby demand that GMAC and ALL affiliated companies (including their international collection centers) cease all calls to my cell phone number at 469-xxx-xxxx made with automatic dialers.  I also demand that no further computerized or recorded messages are left on my voice mail at 469-xxx-xxxx."  A true and correct copy of that written request is attached hereto as Exhibit "B."

17.     Throughout the month of June of 2010, Defendant GMAC continued to call and/or attempt to call Plaintiff on his cellular telephone number despite Plaintiff's prior written request that Defendant GMAC cease further telephonic communication.

18.     Each of these calls were made using an "automated telephone dialing system" as described above.

19.     Defendant GMAC's automated telephone dialing system made calls to the Plaintiff's cellular telephone on numerous and repeated occasions including, but not limited to, the

following:

a.   June 7, 2010 at or about 10:02 AM CST;

b.   June 7, 2010 at or about 4:39 PM CST;

c.   June 7, 2010 at or about 6:55 PM CST;

d.   June 8, 2010 at or about 9:54 AM CST;

e.   June 8, 2010 at or about 3:07 PM CST;

f.   June 8, 2010 at or about 5:02 PM CST;

g.   June 8, 2010 at or about 7:46 PM CST;

h.   June 9, 2010 at or about 8:36 AM CST;

i.   June 9, 2010 at or about 3:02 PM CST;

j.   June 9, 2010 at or about 3:41 PM CST;

k.   June 9, 2010 at or about 7:23 PM CST;

l.   June 10, 2010 at or about 9:48 AM CST;

m.   June 10, 2010 at or about 4:28 PM CST;

n.   June 10, 2010 at or about 5:35 PM CST;

o.   June 14, 2010 at or about 9:13 AM CST;

p.   June 14, 2010 at or about 1:38 PM CST;

q.   June 14, 2010 at or about 5:39 PM CST;

r.   June 15, 2010 at or about 9:51 AM CST;

s.   June 15, 2010 at or about 12:39 PM CST;

t.   June 15, 2010 at or about 2:01 PM CST;

u.   June 15, 2010 at or about 8:32 PM CST;

v.   June 16, 2010 at or about 9:29 AM CST;

w.  June 16, 2010 at or about 2:39 PM CST;

x.  June 16, 2010 at or about 3:23 PM CST; and

y.  June 16, 2010 at or about 3:57 PM CST.

20.     In addition to the June 2, 2010 letter that Plaintiff sent to Defendant GMAC, Plaintiff also made numerous and repeated verbal requests to persons employed by Defendant GMAC that they stop calling his cellular telephone number.   Despite these verbal requests, Defendant GMAC continued to call and/or attempt to call Plaintiff on his cellular telephone.

21.     The acts of Defendant GMAC constitute a violation of the TCPA which prohibits a creditor from using an automatic dialing system to call a consumer's cell phone without consent. *See* 47 U.S.C. § 227 *et seq.*

22.     At all times relevant hereto, Defendant GMAC used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1).

23.     The TCPA prohibits any person from making any call using any automatic telephone dialing system to any telephone number assigned to a cellular phone unless it is a call made for emergency purposes or a call made with the prior express consent of the called party.   *See* 47 U.S.C. § 227(b)(1)(A)(iii).

## V.  CLASS ACTION ALLEGATIONS

24.     This action is maintained as a class action on behalf of the following described Class (hereinafter collectively referred to as "the Class").   Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after November 4, 2006, received a non-emergency telephone call from Defendant GMAC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class Members."  Plaintiff represents, and is a member of, the Class.  Excluded from the Class are Defendant GMAC and any entities in which Defendant GMAC has a controlling interest, Defendant GMAC's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

25.     The unlawful actions of Defendant GMAC directly, foreseeably, and proximately caused Plaintiff and Class Members' damages and injuries, and they are entitled to reasonable compensation for such damages and injuries.

26.     The members of the Class for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable.  The exact number of the Class is unknown to Plaintiff.  However, the numbers of the Class Members are reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant GMAC.

27.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and capable in class action litigation and in the field of consumer law. Plaintiff understands and appreciates his duties to the Class under FED. R. CIV. P. 23 and is committed to vigorously protecting the rights of absent members of the Class.

28.     Plaintiff is asserting claims that are typical of the claims of each member of the Class he seeks to represent, in that Plaintiff was subjected to the same actions that other potential class members were subjected to by Defendant GMAC.  All claims alleged on behalf of the Class flow from this conduct.  Plaintiff and all members of the Class have been harmed by the acts of Defendant GMAC.  Further, there is no conflict between Plaintiff and the members of the Class with respect to this action.

29.     There is a well-defined community of interest in the questions of law and fact involved

affecting the parties to be represented.   Questions of law and fact arising out of Defendant

GMAC's conduct are common to all members of the Class, and such common issues of law and

fact predominate over any questions affecting only individual members of the Class.   Common

issues of law and fact include, but are not limited to, the following:

    a.  Whether, beginning on November 4, 2006, Defendant GMAC made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b.  Whether Defendant GMAC can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c.  Whether Defendant GMAC's conduct was knowing and/or willful;

    d.  Whether Defendant GMAC is liable for damages, and the amount of such damages;

    e.  Whether Defendant GMAC should be enjoined from engaging in such conduct in the future;

    f.  Which services or processes did Defendant GMAC employ to obtain class members' cellular telephone numbers; and

    g.  Which technologies or services were available to Defendant GMAC to enable it to differentiate between wireless numbers and wireline numbers.

30.     The relief sought is common to the entirety of the Class.

31.     Defendant GMAC has acted on grounds generally applicable to the Class, thereby

making final declaratory relief or corresponding injunctive relief appropriate with respect to the

Class as a whole.

32.     This action is properly maintained as a class action in that the prosecution of separate

actions by individual members would create a risk of adjudication with respect to individual

members which would establish incompatible standards of conduct for Defendant GMAC.

33.     This action is properly maintained as a class action in that the prosecution of separate

actions by individual members would create a risk of adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

34.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

      a.  significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

      b.  the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few members of the Class have any interest in individually controlling the prosecution of a separate action;

      c.  without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

      d.  class treatment is required for optimal deterrence;

      e.  despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

      f.  no unusual difficulties are likely to be encountered in the management of this class action; and

      g.  Plaintiff and the Class Members have all suffered irreparable harm and damages as a result of Defendant GMAC's unlawful and wrongful conduct.

35.     Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual Class Members, and result in judicial consistency.

## VI.  CAUSES OF ACTION

### FIRST COUNT

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

36.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

37.     The foregoing acts and omissions of Defendant GMAC constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

38.     As a result of Defendant GMAC's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant GMAC's violation of the TCPA in the future.

### SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

40.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

41.     The foregoing acts and omissions of Defendant GMAC constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

42.     As a result of Defendant GMAC's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00

for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

43.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant GMAC in the future.

## VII.  VICARIOUS LIABILITY

44.     At all times relevant hereto, the individual employees who contacted, attempted to contact, and/or spoke with Plaintiff and the Class Members were employed by Defendant GMAC and were working in the course and scope of their employment with Defendant GMAC. Defendant GMAC had the right to control their activities.  Therefore, Defendant GMAC is liable for their actions, inactions, and conduct which violated the TCPA and proximately caused damages to Plaintiff and Class Members.

## VIII.  JURY REQUEST

Plaintiff requests that this matter be tried before a jury.

## IX.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the members of the Class pray that the Court enter judgment in their favor against Defendant GMAC as follows:

a.  Enter an order certifying this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or 23(b)(3);

b.  Declaring that Defendant GMAC's actions violated the TCPA;

c.  Enter an order enjoining Defendant GMAC from calling Plaintiff and members of the Class on their wireless phone numbers;

d.  Awarding Plaintiff and Class Members statutory damages;

e.  Awarding Plaintiff and the members of the Class trebled statutory damages;

f.  Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs; and

g.  Granting such other relief that equity and the law deems appropriate.

Dated:  November 4, 2010                    Respectfully submitted,

                                            John Howie, Jr.
                                            **HOWIE LAW, PC**
                                            State Bar No. 240272239
                                            4040 N. Central Expressway
                                            Suite 850
                                            Dallas, TX 75204
                                            214.622.6340
                                            214.622.6341 - Facsimile
                                            jhowie@howielaw.net


**OF COUNSEL:**

**LAW OFFICES OF BEN C. MARTIN, L.L.P.**
Ben C. Martin
State Bar No. 13052400
Thomas Wm. Arbon
State Bar No. 01284275
3219 McKinney Avenue
Suite 100
Dallas, TX 75201
214.761.6614
214.744.7590 - Facsimile
bmartin@bencmartin.com


By: /s/ Walt D. Roper
**LAW OFFICES OF WALT D. ROPER, P.C.**
Walt D. Roper
State Bar No. 00786208
3100 Monticello Avenue
Suite 500
Dallas, Texas 75205
972.755.2525
214.378.6670 - Facsimile
walt@roperfirm.com

**ATTORNEYS FOR PLAINTIFF**